UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN V. SURFACE, as Personal
Representative of the Estate of JANYCE
ELAINE BROWN, Deceased; and MARTIN
TYCKOSKI, Conservator of the Estates of
ASA ROBERT GRAYDON BROWN, a
minor, and HELEN ELIZABETH BROWN, a
minor,

   Case No. 04-73411

   Honorable John Corbett O'Meara

  Plaintiffs,

v.

UNITED STATES OF AMERICA,

  Defendant.
              /

**OPINION AND ORDER DENYING THE GOVERNMENT'S MARCH 30, 2007
MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING AS MOOT
PLAINTIFFS' MARCH 19, 2007 REQUEST FOR BIFURCATION**

  This matter came before the court on Plaintiffs' March 19, 2007 request for bifurcation and defendant United States of America's March 30, 2007 motion for judgment on the pleadings. Plaintiffs filed a response to the government's motion April 20, 2007; and the government filed a reply April 25, 2007. Oral argument was heard June 8, 2007. Counsel agreed to work out a stipulation regarding Plaintiffs' request for bifurcation; therefore, the court will deny it as moot.

**BACKGROUND FACTS**

  Plaintiffs filed this action September 9, 2004, under the Federal Tort Claims Act, seeking damages for harm allegedly resulting from Leishmaniasis, a disease they claim they contracted from Arvid Walter Brown, Jr., husband and father of the plaintiffs and a military service veteran who allegedly contracted the disease himself while serving in Saudi Arabia during the Persian Gulf War.

In 2005, the government moved to dismiss the action based on the Feres[1] doctrine, which bars all claims arising out of or incident to military service. This court granted the motion based on precedent from the United States Court of Appeals for the Sixth Circuit and then denied Plaintiffs' motion for reconsideration.

Plaintiffs appealed, and on June 23, 2006, the Sixth Circuit affirmed in part, reversed in part, and remanded the case. Following a status conference last November, Plaintiffs filed their amended complaint to better reflect the appellate court's rulings. In response to the first amended complaint, the government moved for a more definite statement and to strike irrelevant portions. Magistrate Judge Whalen granted the motion and issued an order instructing Plaintiffs to amend the complaint again. Plaintiffs filed a second amended complaint January 18, 2007.

## **LAW AND ANALYSIS**

The government argues that Plaintiffs' second amended complaint states only "general allegations about matters such as Mr. Brown's military service and the government's institutional knowledge of Leishmaniasis." Gov't. br. at 4.

The government continues,

> The problem is that the plaintiffs' second amended complaint lacks any specific allegations supporting the requisite elements of any of the complaint's counts. . . . For example, although the complaint refers to 'malpractice,' it identifies no Veterans Administration doctor or doctors who failed to diagnose Mr. Brown. . . . Second, the complaint makes no allegations concerning a single symptom of Leishmaniasis that Mr. Brown had, or when he had any symptom, which would have led a private physician applying of [*sic*] the relevant standard of medical care to diagnose the disease, notwithstanding the [*sic*] Leishmaniasis has distinct symptoms. . . . Third, the complaint fails to identify what medical knowledge any

---

[1] United States v. Feres, 340 U.S. 135 (1950).

> treating doctor had–and when–or what medical knowledge any doctor should have had that would have prompted a physician applying the applicable standard of medical care to test Mr. Brown for the disease. And last but not least, the complaint fails to allege what medical knowledge would have led any doctor applying the relevant standard of medical care to believe that Mr. Brown could conceivably transmit the disease to his spouse, and that she in turn could transmit the disease to her children. Here again, unless some VA doctor knew (or should have known) not only that Mr. Brown had Leishmaniasis, but also that it could be transmitted in the way plaintiffs claim, there can be no violation of a medical malpractice, duty to warn, or any tort based medical misfeasance.

Gov't. br. at 6-7.

These are all excellent points. Plaintiffs have made broad assumptions in their second amended complaint and have failed to specify who did not make the proper diagnosis and when. In their response brief, Plaintiffs concede that they had not yet copied Mr. Brown's file from his VA visits, explaining that discovery has never really gotten under way in this lawsuit. Although the government is correct when it argues that Plaintiffs are obligated to investigate whether they have a claim and how *before* they file suit, granting the government's motion to dismiss is too harsh a sanction at this point. Indeed, on the last page of their response brief, Plaintiff do cite specific hospital visits during which time Mr. Brown presented with specific symptoms and how he was treated on these visits, including one time in which he was treated with Zoloft. Therefore, the court will not order Plaintiffs to prepare a third amended complaint because Defendant is sufficiently apprised of Plaintiffs' claims in this matter.

The government also contends that the motion to dismiss should be granted because Michigan tort law does not recognize a duty towards third parties in cases involving contagious or hereditary diseases. Since only the husband and father of plaintiffs Janyce Brown and their two children were

3

treated at VA facilities and not Plaintiffs themselves, the government claims it is not liable for her wrongful death and the children's injuries.

In Shepard v. Redford Comm. Hosp., 151 Mich. App. 242 (1986), the Michigan Court of Appeals held that doctors do owe third parties a duty to warn of the risks when their patients present with symptoms of a disease that is well known to be highly contagious. In that case a mother's spinal meningitis went undiagnosed; and she passed the condition along to her son Eric, who died two days after his mother's medical examination by a doctor. The defendant hospital argued that no duty was owed Eric because he had not been a patient. The court held, "More specifically, we are asked to decide whether the absence of a physician-patient relationship between defendant and Eric precludes finding a duty. We hold that it does not." Id. at 245. "In the instant case, defendant had a physician-patient relationship with [the mother]. This was a special relationship with the one who allegedly infected Eric, leading to his death. Accordingly, a duty of reasonable care may arise." Id.

The government relies on the distinction that Shepard involved a different disease, spinal meningitis, which is known to be so highly contagious that patients are routinely isolated from the rest of the population; however, the court does not weigh this distinction as heavily as the government does. Therefore, the court will deny the government's motion for judgment on the pleadings.

## **ORDER**

It is hereby **ORDERED** that Plaintiffs' March 19, 2007 request to bifurcate is **DENIED AS MOOT.**

It is further **ORDERED** that Defendant's March 30, 2007 motion for judgment on the pleadings is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Dated: June 18, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 18, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager