UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN V. SURFACE, as Personal
Representative of the Estate of JANYCE
ELAINE BROWN, Deceased; and MARTIN
TYCKOSKI, Conservator of the Estates of
A.R.G.B., a Minor, and H.E.B., a Minor,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.
_____/

Case No. 04-73411

Honorable John Corbett O'Meara

## OPINION AND ORDER GRANTING DEFENDANT'S APRIL 18, 2008 MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendant's April 18, 2008 motion for summary judgment. Plaintiffs filed a response May 9, 2008; and Defendant filed a reply May 15, 2008. Oral argument was heard June 12, 2008.

## BACKGROUND FACTS

Plaintiffs filed this action September 2, 2004, under the Federal Tort Claims Act ("FTCA"), seeking damages for harm allegedly resulting from Leishmaniasis, a disease they claim they contracted from Arvid Walter Brown, Jr., husband and father of the plaintiffs and a military service veteran who allegedly contracted the disease himself while serving in Saudi Arabia during the Persian Gulf War. In January 2005, the government moved to dismiss the action based on the Feres[1]

---

[1] United States v. Feres, 340 U.S. 135 (1950).

doctrine, which bars all claims arising out of or incident to military service; and the court granted the motion.

Plaintiffs appealed; and on June 23, 2006, the United States Court of Appeals for the Sixth Circuit affirmed in part, reversed in part, and remanded the case. Following a status conference in November 2007, Plaintiffs filed an amended complaint. In response to the first amended complaint, the government moved for a more definite statement and to strike irrelevant portions. Magistrate Judge Whalen granted the motion and issued an order instructing Plaintiffs to amend the complaint again. Plaintiffs filed a second amended complaint January 18, 2007.

The government then moved for judgment on the pleadings based on the second amended complaint, and the court denied the motion. Discovery is now closed, and the government has moved for summary judgment.

Plaintiffs alleged four closely related claims in the second amended complaint: 1) failure to warn, 2) negligence, 3) medical malpractice, and 4) the wrongful death of Janyce Brown. Second Am. Comp. at 5-11. Plaintiffs' response to the current motion for summary judgment indicates they have abandoned their medical malpractice claim in favor of a negligence claim "albeit in a healthcare setting." Response br. at 4-5. Plaintiffs have also abandoned the wrongful death claim for Janyce Brown, as they have conceded that her cause of death was liver cancer, not Leishmaniasis. Therefore, "Plaintiffs' claim on behalf of Mrs. Brown will be limited to the seven years of disability." Response br. at 20.

## LAW AND ANALYSIS

The FTCA does not create institutional governmental liability; rather, the Act provides that the United States will be liable, at most, for the misfeasance of its agents to the extent that a private party would be liable for the same conduct under state court law. 28 U.S.C. § 2674.

In this case, Plaintiffs have an additional hurdle: none of them was treated by Veterans Administration ("VA") medical personnel. Only Arvid Walter Brown, Jr., husband and father of the plaintiffs, was ever treated by the VA; and he is not a party to this suit. Therefore, unless the VA owed Mr. Brown's spouse and children a duty, notwithstanding the fact they were never in the VA's care, the VA is entitled to summary judgment.

Michigan tort law does not recognize a general duty towards third parties; however, the Michigan Court of Appeals has recognized a duty to third parties in special instances. The relevant exception in this case is that doctors may owe third parties a duty to warn their patients of the risks of contagious disease having been presented with the symptoms of a disease well known to be highly contagious. See Shepard v. Redford Comm. Hosp., 151 Mich. App. 242 (1986).

On June 18, 2007, this court issued an opinion and order denying the government's motion for judgment on the pleadings. At that time short shrift was given to the Shepard case because, in part, Plaintiffs had not yet reviewed Mr. Brown's service medical records and the VA medical records they claimed were central to the issues in this case. Now, however, discovery is complete; and Plaintiffs have had ample opportunity to show the court their evidence on both the failure to warn and negligence claims. The court is compelled to revisit Shepard and its impact on this set of facts.

In Shepard, a mother's spinal meningitis went undiagnosed; and she passed the condition along to her son Eric, who died two days after his mother's medical examination by a doctor. The

3

defendant hospital argued that no duty was owed Eric because he had not been a patient. The court held, "More specifically, we are asked to decide whether the absence of a physician-patient relationship between defendant and Eric precludes finding a duty. We hold that it does not." Id. at 245. "In the instant case, defendant had a physician-patient relationship with [the mother]. This was a special relationship with the one who allegedly infected Eric, leading to his death. Accordingly, a duty of reasonable care *may* arise." Id (emphasis added).

Spinal meningitis is widely known to be highly contagious, and patients are routinely isolated from the rest of the population. This is not true of Leishmaniasis. More importantly, in Shepard the son who was allegedly infected was alive at the time of his mother's misdiagnosis; and he died only two days later. In this case, Mr. Brown was released from active military service June 4, 1991. He married plaintiff Janyce over three years later, on September 3, 1994. The plaintiff children, son Asa and daughter Helen, were not born until August 30, 1995, and June 18, 1997, respectively. An extension of the narrow exception of Shepard to this case would necessarily extend the exception to all cases in which any disease or condition may be passed on at some point in time to a future spouse and children. Generally, Michigan tort law does not recognize a duty to third parties; and the court finds no exception to that rule here, despite the unfortunate facts of this case. Accordingly, Defendant is entitled to summary judgment.

## ORDER

It is hereby **ORDERED** that Defendant's April 18, 2008 motion for summary judgment is **GRANTED.**

                                       s/John Corbett O'Meara
                                       United States District Judge

Date: July 15, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 15, 2008, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager